UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Phillip Delgrosso,

        Petitioner,

v.

Jonathan Hemingway,

        Respondent.

_____/

Case No. 22-10158

Judith E. Levy
United States District Judge

**OPINION AND ORDER SUMMARILY DISMISSING THE HABEAS PETITION [1], DENYING THE DEMANDS FOR DISMISSAL [5] AND FOR SUMMARY JUDGMENT [7], DENYING AS MOOT THE MOTION FOR A STATUS UPDATE [8], DENYING THE PETITION TO VACATE [11] AND THE REQUEST FOR A CHANGE OF VENUE [13], DENYING WITHOUT PREJUDICE THE MOTION TO SHOW CAUSE [15] AND MOTION FOR ORDER TO SHOW CAUSE [17], DENYING AS MOOT PETITIONS [18, 19], AND DENYING WITHOUT PREJUDICE MOTION TO DISMISS [27]**

Petitioner Philip Delgrosso is a federal inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). In January 2022, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to the All Writs Act, 28 U.S.C. § 1651, and the "savings clause" of 28 U.S.C. § 2255. (*See* ECF No. 1, PageID.21.) The habeas petition and several subsequent documents address

Petitioner's federal convictions in the United States District Court for the Western District of Missouri.

In an additional document entitled "Demand to Show Cause" (ECF No. 15), Petitioner raises new issues about the alleged failure of federal prison officials to timely process Petitioner's request for early release to home confinement or a halfway house pursuant to the First Step Act (FSA). Petitioner also asserts in the Demand to Show Cause that the officials ultimately denied his request for home confinement and are delaying his placement in a halfway house. Petitioner then filed a document asking the Court to order Respondents to comply with Petitioner's show cause demand. (ECF No. 17.) Lastly, Petitioner filed a motion seeking to have the Court dismiss his demand that Respondents provide him with an MRI. (ECF No. 27.) In that filing, Petitioner acknowledges that Respondents provided Petitioner a MRI. (*Id.*)

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face," *McFarland v. Scott*, 512 U.S. 849, 856 (1994), and the Court concludes that the All Writs Act is not a proper remedy for Petitioner's challenge to his federal convictions or the execution of his sentence. Additionally, because Petitioner has not

shown that 28 U.S.C. § 2255 is an inadequate or ineffective means of testing the legality of his detention, he may not challenge his convictions and sentence under 28 U.S.C. § 2241.

For the reasons set forth below, the Court dismisses the habeas petition, denies the "Demand to Show Cause" and motion for order to show cause without prejudice to Petitioner's right to bring those issues in a new action, and denies Petitioner's other motions and requests for relief.

## I. Background

### A. The Criminal Case

Petitioner was convicted of the following crimes in the United States District Court for the Western District of Missouri: conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count 1); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 3); two counts of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957 (Counts 5 and 6); and failure to file Internal Revenue Service Form 8300, in violation of 31 U.S.C. §§ 5331 and 5322 (Count 7).

Petitioner filed a motion for judgment of acquittal after the verdict and United States District Judge Beth Phillips denied the motion. *See United States v. Delgrosso*, No. 13-03054-13, 2015 WL 13849103 (W.D. Mo. Oct. 19, 2015). On April 6, 2016, Judge Phillips sentenced Petitioner to four concurrent terms of 120 months in prison for Counts 1, 3, 5, and 6, and a concurrent term of 60 months in prison for Count 7. *See United States v. Delgrosso*, No. 6:13-cr-03054-13, Judgment of Sentence, Doc. 648, pp. 1–2 (W.D. Mo. Apr. 6, 2016).

Petitioner appealed his convictions, but the United States Court of Appeals for the Eighth Circuit affirmed his convictions on March 30, 2017. *See United States v. Delgrosso*, 852 F.3d 821 (8th Cir. 2017). Later, Petitioner filed several post-conviction motions to reduce or vacate his sentence. Judge Phillips dismissed or denied the motions. *See Delgrosso*, No. 6:13-cr-03054-13 (W.D. Mo.), Docs. 731 and 734 (motion to vacate sentence under § 2255 and order dismissing the motion); Docs. 736 and 743 (motion to reduce sentence and order denying the motion); Docs. 772 and 781 (motion to reduce sentence and order denying the motion); and Docs. 820 and 824 (motion to vacate sentence under § 2255 and order dismissing the motion).

In 2020, the Federal Bureau of Prisons released Petitioner to a halfway house or home confinement. (*See id.*, Doc. 772, pp. 1–2). Petitioner then filed a motion for sentence reduction and release from home confinement. (*Id.* at p. 1.) On November 24, 2020, Judge Phillips denied Petitioner's motion after concluding that he had not presented an extraordinary and compelling reason to reduce his sentence. (*Id.*, Doc. 781.)

The Bureau of Prisons later revoked its decision due to Petitioner's alleged violation of a condition of release. (*Id.*, Doc. 839, p. 1). Petitioner was then sent to FCI-Milan, where he filed a motion for compassionate release, which Judge Phillips denied. (*Id.* at pp. 1–3.) On January 5, 2022, Petitioner filed this case.

### B. The Petition, Motions, and Requests in this Case

In his habeas petition (ECF No. 1), Petitioner asserts three claims: (1) that the federal court in Missouri lacked jurisdiction and that his arrest, trial, conviction, and imprisonment were invalid; (2) that Assistant United States Attorney Timothy Garrison of the Western District of Missouri committed a fraud on the trial court and Judge Phillips failed to act when she was apprised of the fraud; and (3) that

Judge Phillips and A.G. Garrison breached a contract and their fiduciary responsibilities. (*Id.* at PageID.3–12.)

Petitioner seeks: a dismissal of his criminal case with prejudice; a declaration that all orders, judgments, and pronouncements in his criminal case are null and void; a discharge of all his liabilities; bus transportation from FCI-Milan to Springfield, Missouri, and some other form of transportation from Springfield, Missouri to Branson, Missouri, plus a food allowance; six months of "bridge assistance" to cover housing, food, and incidentals; a public record showing that the account is settled and closed and that his case is dismissed with prejudice; and immediate release from prison. (*Id.* at PageID.14–15.)

In a "Demand for Dismissal" (ECF No. 5), Petitioner says that he is innocent of the criminal charges against him and that he was wrongly convicted and imprisoned. He asserts that this Court is obligated to dismiss his criminal case and all associated cases. In a "Demand for Summary Judgment" (ECF No. 7), Petitioner reiterates that he is an innocent man and unlawfully incarcerated.

Petitioner's Motion for a Status Update (ECF No. 8) alleges that the Court has ignored his case. He asks that the Court grant his habeas petition or to notify him of the status of his case.

In his "Petition to Vacate" (ECF No. 11), Petitioner asks the Court to vacate the orders and judgment in his criminal case and in all associated cases. The grounds for this request are fraud and lack of jurisdiction in his criminal case and "other newly discovered evidence" that Judge Phillips committed misconduct and obstructed justice.

Petitioner also seeks a change of venue from a statutory court to an Article III court of record. (ECF No. 13.) In his "Demand to Show Cause" (ECF No. 15), Petitioner alleged that he was eligible for early release from prison on April 26, 2022, and that federal prison officials have delayed and denied his requests for release. He also filed a motion for the Court to issue an order that Respondents show cause. (ECF No. 17.) Lastly, he filed a motion to dismiss without prejudice his demand that Respondents provide him with an MRI, wherein he states he received the MRI. (ECF No. 17.)

7

## II. Discussion

### A. The All Writs Act

Petitioner brings this action under the All Writs Act, 28 U.S.C. § 1651, which "authorizes federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *Shoop v. Twyford*, 142 S. Ct. 2037, 2041 (2022) (quoting 28 U.S.C. § 1651(a)). The Act "does not provide federal courts with an independent source of jurisdiction to issue writs," *Baze v. Parker*, 632 F.3d 338, 345 (6th Cir. 2011), and the Supreme Court has "made clear that a petitioner cannot use that Act to circumvent statutory requirements or otherwise binding procedural rules." *Twyford*, 142 S. Ct. at 2044. As the Supreme Court explained in *Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34 (1985),

> [t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Id*. at 43.

Claims such as Petitioner's, which seek to challenge federal court convictions, are addressed by statute. *Bell v. United States*, No. 15-cv-10919, 2015 WL 2083538, at *1 (E.D. Mich. May 5, 2015) (unpublished). The primary mechanism for challenging the legality of a federal sentence is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

A challenge to the manner or execution of a sentence, like Petitioner raises in his Demand to Show Cause (ECF No. 15), may be brought under 28 U.S.C. § 2241. (*Id.*) Additionally, "where the remedy under § 2255 is inadequate or ineffective, the savings clause [of § 2255] allows a federal prisoner to 'bring a claim challenging his conviction or imposition of sentence under § 2241.'" *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (quoting *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999)).

Because 28 U.S.C. §§ 2241 and 2255 can be used to challenge the perceived errors that Petitioner complains of, the All Writs Act does not apply. And even though federal courts may use the All Writs Act to issue writs of mandamus, *Moss v. Arnold*, 654 F. Supp. 19, 22 (S.D. Ohio 1986), "[a] district court lacks authority to issue a writ of mandamus to another district court." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d

9

1385, 1393 (9th Cir. 1987) (citing *Lewis v. Green,* 629 F. Supp. 546, 553 (D.D.C. 1986)).

### B. Section 2255's "Savings Clause"

Petitioner seeks alternative relief under 28 U.S.C. § 2241. The basis for the relief Petitioner seeks under § 2241 is grounded in § 2255's "savings clause," which reads:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Section "2255 is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion." *Hill*, 836 F.3d at 594 (citing *Charles*, 180 F.3d at 756). Petitioner, however, claims to be innocent of the crimes for which he is incarcerated, and "[o]n a successive challenge to a *conviction,* a petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause by showing that he is 'actually innocent.'" *Hill,* 836 F.3d

10

at 594 (citing *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)) (emphasis in original).

Still, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Petitioner has had prior opportunities to bring his actual innocence claim.

Petitioner is asking this Court to vacate another court's judgment and rulings, which the Court declines to do. "It would be inappropriate for this Court to issue any order which could affect or interfere with another judge's handling of a case on his or her docket." *Al-Ansi v. Obama*, 647 F. Supp. 2d 1, 13 (D.D.C. 2009). Petitioner, therefore, is not entitled to relief under § 2255's "savings clause."

### III. Conclusion and Order

For the reasons set forth above, the habeas corpus petition (ECF No. 1) is summarily **DISMISSED**. Petitioner's demands for dismissal and for summary judgment (ECF Nos. 5 and 7) are **DENIED**. The petition to vacate orders and judgment (ECF No. 11) and the request for a change of venue (ECF No. 13) are **DENIED**. The motion for a status

11

update (ECF No. 8) is **DENIED** as moot. The show cause demand (ECF No. 15) and motion for order to show cause (ECF No. 17), which raises new and unrelated issues, are **DENIED** without prejudice to Petitioner's right to raise those issues in a new action. Petitioner's motion to dismiss without prejudice (ECF No. 27) is **DENIED** without prejudice to Petitioner's right to raise those issues in a new action. Petitioner's other requests, such as his petition for an emergency hearing (ECF No. 19) and for judicial notice of administrative facts (ECF No. 18), are denied as moot since his petition is dismissed.

IT IS SO ORDERED.

Dated: January 19, 2023　　　　　　s/Judith E. Levy
　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 19, 2023.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager